[Cite as *State v. Kirk*, 2016-Ohio-8296.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104866**

# STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

# LACEY KIRK

DEFENDANT-APPELLEE

## JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-598476-A

**BEFORE:** Laster Mays, J., Keough, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** December 22, 2016

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:     Daniel T. Van
            Edward Fadel
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

By:    Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

Myron P. Watson
614 W. Superior Avenue
1144 Rockefeller Building
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Plaintiff-appellant, state of Ohio ("State"), appeals the trial court's decision to grant a motion to dismiss the indictment against the defendant-appellee, Lacey Kirk ("Kirk"). Kirk, in agreement with the State, concedes the error. We reverse and remand.

## I.     Facts

{¶2} In August 2015, Kirk was charged with seven counts of rape, kidnapping, and other related offenses from two incidents that took place in 2000 and 2004. The State decided to prosecute them together, and Kirk filed two motions. The first motion asked the court to dismiss the entire indictment because of prejudicial preindictment delay, and the other asked the court to sever the counts for two separate trials.

{¶3} In 2016, the trial court denied Kirk's motion to dismiss five counts of the indictment that stemmed from the incident in 2000, that included:

Count 1:     Rape, a first-degree felony, in violation of R.C. 2907.02(A)(2);

Count 2:     Rape, a first-degree felony, in violation of R.C. 2907.02(A)(2);

Count 3:     Corruption of a Minor, a fourth-degree felony, in violation of R.C. 2904.04(A);

Count 4:     Corruption of a Minor, a fourth-degree felony, in violation of R.C. 2907.04(A); and

Count 5: Kidnapping, a first-degree felony, in violation of R.C. 2905.01(A)(4).

But, the trial court granted the motion to dismiss the counts involving the 2004 incident, that included:

Count 6: Rape, a first-degree felony, in violation of R.C. 2907.02(A)(2); and

Count 7: Kidnapping, a first-degree felony, in violation of R.C. 2905.01(A)(4).

The trial court stated,

> We can speculate all we want, but I've got hard facts here of a named suspect, a named vehicle with a description and a license plate that apparently nothing was done to investigate this case, and I see actual prejudice right there. Based upon what I'm hearing, the 2004 case is dismissed with prejudice. I believe there is actual prejudice. I believe that there was no investigation done, that there was — we have a named suspect, we have evidence that could have been easily researched or investigated. It appeared that they closed the book on this case and did nothing with it.

The trial court decided that prosecuting Kirk for the 2004 incident would violate his due process rights because of prejudicial preindictment delay. As a result, the State has filed this timely appeal asserting one assignment of error for our review:

> I. The trial court erred in dismissing part of the indictment on the grounds of preindictment delay.

## II. Indictment Dismissal

### A. Standard of Review

{¶4} "We review a trial court's decision on a motion to dismiss an indictment pursuant to a de novo standard of review. De novo review requires an independent review of the trial court's decision without any deference to the trial court's

determination." (Citations omitted.) *State v. Knox*, 8th Dist. Cuyahoga Nos. 103662 and 103664, 2016-Ohio-5519, ¶ 12.

### B.    Law and Analysis

{¶5} In its sole assignment of error, the State argues that the trial court erred in dismissing part of the indictment on the grounds of preindictment delay. The trial court reasoned that Kirk was prejudiced by the State's decision to indict Kirk 12 years after the incident. The State contends that the trial court dismissed the indictment two days before the Ohio Supreme Court's decision in *State v. Jones*, Slip Opinion No. 2016-Ohio-5105, and the decision in *Jones* should govern.

{¶6}    In *Jones,* the court held that "pre-indictment delay violates due process only when it is unjustifiable and causes actual prejudice * * *." *Id*. at ¶ 12. The court also noted that "we have firmly established a burden-shifting framework for analyzing a due-process claim based on pre-indictment delay. Once a defendant presents evidence of actual prejudice, the burden shifts to the state to produce evidence of a justifiable reason for the delay." *Id*. at ¶ 13. The court went on to state "that unjustifiable delay does not violate due process unless it results in actual prejudice." *Id*. at ¶ 16.

{¶7} In accordance with the Supreme Court's decision, this court has held that:

> [I]n reviewing pre-indictment delay, the determination of actual or substantial prejudice entails a delicate judgment based on the circumstances of each case. The court must consider the evidence as it exists when the indictment is filed and the prejudice the defendant will suffer at trial due to the delay. (Citations omitted.)

*State v. Powell*, 2016-Ohio-1220, 61 N.E.3d 789, ¶ 15 (8th Dist.).

**{¶8}** Other than the time it took the State to indict Kirk and the inaction of the police, the trial court did not state how Kirk would be prejudiced by the preindictment delay.

> Prejudice is not presumed solely due to a lengthy delay. Similarly, a general assertion that the defendant cannot remember the events of the alleged crime does not constitute actual prejudice. Furthermore, the defendant may not rely on speculation or vague assertions of prejudice. Rather, proof of actual prejudice must be specific, particularized and non-speculative. The defendant must show the exculpatory value of the alleged missing evidence to prove substantial prejudice. In other words, a defendant must show how lost witnesses and physical evidence would have proven the defendant's asserted defense.

*Id.* at ¶ 16. *See State v. Davis*, 7th Dist. Mahoning No. 05 MA 235, 2007-Ohio-7216, ¶ 17. ("Without proof of prejudice, meaning something which adversely affects a defendant's ability to defend himself at trial, there is no due process violation for pre-indictment delay in prosecution").

**{¶9}** In *Jones*, the court disagreed with the appellate court for using the inaction of the police as proof of prejudice. The court stated,

> Nevertheless, as we explain below, under the guise of determining the appropriate standard for gauging actual prejudice, the majority blurred the distinctions between the existence of actual prejudice and the lack of a justifiable reason for the delay by focusing almost exclusively on the actions and inactions of the police.

*Jones,* Slip Opinion No. 2016-Ohio-5105, ¶ 15.

**{¶10}** Because *Jones* was decided two days after the trial court's ruling, the court did not have the benefit of clarity the Supreme Court provided regarding this standard. Kirk and the State agree that this case should be remanded to the trial court to make a

decision given the clarified standard from the court.   As such, we reverse the trial court's decision and remand for the court to reconsider the motion in light of the decision in *Jones*.

{¶11} Judgment is reversed and remanded.

It is ordered that the appellant and appellee split costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry out this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, J., CONCURS;
KATHLEEN ANN KEOUGH, P.J., CONCURS IN JUDGMENT ONLY