[Cite as *State v. Frazier*, 2019-Ohio-2739.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 107680 |
| v. | : | |
| BRANDON FRAZIER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 3, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-621629-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Debora Brewer and Katherine Mullin, Assistant Prosecuting Attorneys, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Frank Cavallo, Assistant Public Defender, *for appellant.*

LARRY A. JONES, SR., J.:

{¶ 1} Defendant-appellant Brandon Frazier appeals his convictions for rape, attempted rape, kidnapping, and unlawful sexual conduct with a minor. Finding no merit to the appeal, we affirm.

{¶ 2} In 2017, Frazier was charged with three counts of rape, and one count each of attempted rape, kidnapping with a sexual motivation specification, and unlawful sexual conduct with a minor, accompanied by notices of prior conviction and repeat violent offender specifications. The matter proceeded to a trial by jury; the notices of prior conviction and repeat violent offender specifications were tried to the bench.

{¶ 3} A.F. testified that in July 2014, she was 13 years old and visiting her father, with whom she did not live, when Frazier, her uncle, stopped over. Frazier asked A.F. if she wanted to go to the store with him. According to A.F., the following then occurred. A.F. got into Frazier's car, despite her mother and stepmother's admonitions to stay away from Frazier because he was "bad." Frazier began driving but did not stop at any of the several stores they passed. Instead, he pulled down a side street and into the driveway of a blue house. He told A.F. that it was a co-worker's house and he needed to pick up something. Frazier had a key to the house and let A.F. inside, where she went to look for a television remote. She was in the master bedroom and on the bed, looking under the bed for the remote, when Frazier came in and shut the door. He pulled A.F.'s pants down and told her to lay back on the bed. Frazier then performed oral sex on A.F. She tried to "push" up and down to get him to stop. Frazier stood up and pulled A.F. to a standing position. He then took off A.F.'s shirt, forcibly tried to kiss her, and forced her to perform oral sex on him after pushing her to her knees.

{¶ 4} After the assault, Frazier drove A.F. to another house. On the way there, he rubbed A.F.'s inner thigh and told her not to tell anyone what happened.

{¶ 5} In the summer of 2017, A.F. and her mother were at a church meeting when A.F. texted her mother, who was sitting a few pews away, and disclosed the assault via two lengthy text message exchanges. In the text message exchanges, copies of which were submitted into evidence, A.F. made her mother promise she would not tell anyone about the assault. A.F.'s mother testified she was able to convince her daughter to report the assault to the police.

{¶ 6} During trial, the state dismissed one count of rape. The jury convicted Frazier of all remaining counts. The trial court found Frazier to be a repeat violent offender and sentenced him to a total of ten years in prison. Further facts will be discussed under the assignments of error.

{¶ 7} Frazier filed a timely notice of appeal and raises the following assignments of error for our review:

I. There was insufficient evidence produced at trial to support a finding of guilt on all counts.

II: Appellant's convictions were against the manifest weight of the evidence.

III: The trial court committed plain error when it instructed that a lesser demonstration of force was required when the relationship between victim and defendant was one of child and adult or authority figure.

IV: Appellant was denied the effective assistance of counsel where trial counsel acquiesced in a jury instruction providing for an incorrect, lesser requirement of force where the relationship between the victim and defendant was one of child and adult or authority

figure.

**Frazier's Convictions Were Supported by Sufficient Evidence**

{¶ 8} In the first assignment of error, Frazier contends that there was insufficient evidence to support his convictions.

{¶ 9} Crim.R. 29(A) provides for an acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." A sufficiency challenge essentially argues that the evidence presented was inadequate to support the jury verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "'The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Getsy*, 84 Ohio St.3d 180, 193, 702 N.E.2d 866 (1998), quoting *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "[A] conviction based on legally insufficient evidence constitutes a denial of due process." *Thompkins* at *id.*, citing *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed. 652 (1982). When reviewing a sufficiency of the evidence claim, we review the evidence in a light most favorable to the prosecution. *State v. Hill*, 75 Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996).

### Rape and Attempted Rape

{¶ 10} Frazier claims that there was insufficient evidence that he raped and attempted to rape A.F. R.C. 2907.02(A)(2) provides that "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender * * * when offender purposely compels the other person to submit by force or threat of force."

R.C. 2923.02 provides: "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."

{¶ 11} In Ohio, "sexual conduct" is defined as vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. R.C. 2907.01(A).

{¶ 12} R.C. 2901.01(A)(1) defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." The Ohio Supreme Court has held that neither an express threat of harm nor evidence of significant physical restraint need be proven to establish the element of force in a rape case involving a minor child when the offender stands in a position of authority. *State v. Dye*, 82 Ohio St.3d 323, 695 N.E.2d 763 (1998), paragraph one of the syllabus; *State v. Thomas*, 8th Dist. Cuyahoga No. 101797, 2015-Ohio-3226, ¶ 52. Further, R.C. 2907.02(C) provides: "A victim need not prove physical resistance to the offender in prosecutions under [R.C. 2907.02]."

{¶ 13} Frazier contends that there was insufficient evidence that he committed rape via forced oral intercourse and digital penetration. According to Frazier, the state did not present evidence that Frazier used force or sufficient evidence that A.F. was an unwilling participant. After a careful review of the record

and considering the evidence in a light most favorable to the state, we find that the state provided sufficient evidence of rape and attempted rape.

{¶ 14} A.F. testified that Frazier first digitally penetrated her with his index finger. When A.F. said "no" because it hurt, "he took it out and stopped." A.F. further testified that Frazier laid her back on the bed, took off her pants, and started "biting" and "licking" her vagina. According to A.F. she tried to "push" herself up or down, hoping that he would stop, but he did not stop. Frazier then attempted to kiss A.F., but she turned her head. He tried to push A.F. to her knees by putting his hand on top of her head but, A.F. testified, she resisted:

> * * * he tried to push me down, my head, he put his hand on top of my head to try to push me down to lower me, and it didn't work because I'm sufficiently tall and I wouldn't go down, but I was really stiff. And at that point he got me to where I was on my knees and my mouth did get on his [penis].

{¶ 15} A.F. testified that she initially told Frazier "no," but stopped repeating it because she thought her telling him "no" did not mean anything to him since he kept assaulting her. She also explained that she did not fight Frazier off because he was bigger than she.

{¶ 16} A.F. testified that she never told her father about the assault because she was afraid he would not believe her over Frazier. She also did not disclose the assault to her mother until 2017 because she wanted to spend time with her father and was worried that her mother would not allow A.F. to go to her father's house if her mother knew about the assault.

{¶ 17} Even though the state did not need to show that A.F. physically resisted Frazier in order to establish the elements of rape, A.F. testified that she tried to resist Frazier pushing her down to her knees to perform fellatio. Moreover, we note that although A.F. did not have a close relationship with her uncle, he was still an adult relative who was 36 years old at the time of the assault. It is the position of authority and power, in relationship with the child's vulnerability, which creates "a unique situation of dominance and control in which explicit threats and displays of force are unnecessary." *State v. Eskridge*, 38 Ohio St.3d 56, 56, 526 N.E.2d 304 (1988), citing *State v. Fowler*, 27 Ohio App.3d 149, 154, 500 N.E.2d 390 (8th Dist. 1985), citing *State v. Etheridge*, 319 N.C. 34, 47, 352 S.E.2d 673 (1987). Frazier held a position of authority over A.F. by virtue of his familial relationship, age, and size.

**Kidnapping**

{¶ 18} Frazier next contends that the state presented insufficient evidence of kidnapping, again claiming that any sexual conduct was consensual. We disagree.

{¶ 19} Frazier was convicted of kidnapping, in violation of R.C. 2905.01, which states that "[n]o person, by force, threat, or deception * * * by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person * * * to engage in sexual activity * * * with the victim against the victim's will."

{¶ 20} A.F. testified that Frazier asked her if she wanted to go to the store with him. She got into his car with the expectation that he was taking her to the store. But, A.F. testified, Frazier did not stop at any stores, even though A.F. asked

him multiple times if they were going to stop. Frazier eventually pulled down a street and stopped at a house. Once in the house, A.F. did not feel as though she could leave the bedroom: "He had to block the door and the window, I felt if I tried to leave he wouldn't let me." A.F. also testified that she told Frazier "no," and resisted his pushing her head down with his hand, but he was able to get her to her knees to perform oral intercourse. Thus, the state provided sufficient evidence through A.F.'s testimony that Frazier used deception to lure A.F. into his car so that he could remove her from her father's house and engage in sexual activity against her will.

### Unlawful Sexual Conduct with a Minor

{¶ 21} Frazier next contends that the state did not present sufficient evidence to convict him of unlawful sexual conduct with a minor.

{¶ 22} R.C. 2907.04(A), which prohibits unlawful sexual conduct with a minor, provides that "[n]o person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."

{¶ 23} Frazier claims that he did not know A.F. was under 16 years of age when he engaged in a sexual relationship with her, nor was he reckless in that regard. Under R.C. 2901.22(C):

{¶ 24} A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to

cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.

{¶ 25} The legislature intentionally based the definition of "recklessness" on the likelihood, rather than the probability, of a certain result. *See id.* at staff notes. "Something is 'probable' when there is more reason for expectation or belief than not, whereas something is 'likely' when there is merely good reason for expectation or belief." *Id.*; *see also State v. Becker*, 8th Dist. Cuyahoga No. 100524, 2014-Ohio-4565.

{¶ 26} We find that the state presented sufficient evidence that Frazier either knew A.F. was under the age of 16 or was reckless in that regard. Frazier is A.F.'s paternal uncle; it is reasonable to assume that Frazier knew, or was reckless in not knowing, A.F.'s age.

{¶ 27} Finding that the state presented sufficient evidence to convict Frazier of rape, attempted rape, kidnapping, and unlawful sexual conduct with a minor, the first assignment of error is hereby overruled.

### Frazier's Convictions were not Against the Manifest Weight of the Evidence

{¶ 28} In the second assignment of error, Frazier claims that his convictions were against the manifest weight of the evidence.

{¶ 29} In contrast to sufficiency, "weight of the evidence involves the inclination of the greater amount of credible evidence." *Thompkins*, 78 Ohio St.3d

at 387, 678 N.E.2d 541.  While "sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, * * * weight of the evidence addresses the evidence's effect of inducing belief."  *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *Thompkins* at 386-387.  The reviewing court must consider all the evidence in the record, the reasonable inferences, and the credibility of the witnesses, to determine whether, "'in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"  *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 30} We are mindful that the weight to be given the evidence and the credibility of the witnesses are matters primarily for the trier of fact.  *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest."  *State v Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

{¶ 31}  Frazier contends that his convictions are against the manifest weight of the evidence because A.F. could not specify the date and location of the assault. The indictment in this case listed the date of the assault as between July 2 and August 31, 2014.  During her testimony, A.F. said the assault occurred in July 2014.

{¶ 32} The date of the offense is not an element of the crime charged:

> Where such crimes constitute sexual offenses against children, indictments need not state with specificity the dates of alleged abuse, so long as the prosecution establishes that the offense was committed within the time frame alleged. This is partly due to the fact that the specific date and time of the offense are not elements of the crimes charged.

*State v. Bruce*, 8th Dist. Cuyahoga No. 92016, 2009-Ohio-6214, ¶ 112.

{¶ 33} In addition, even though A.F. did not know the name of the street where the assault occurred, she testified that it occurred in Cleveland, Cuyahoga County, Ohio.

{¶ 34} Frazier also claims that the verdict was against the manifest weight of the evidence because there was no evidence corroborating A.F.'s story. But the absence of corroborative evidence does not render a rape conviction against the manifest weight of the evidence. *See State v. Hruby*, 8th Dist. Cuyahoga No. 81303, 2003-Ohio-746, ¶ 12. Given the fact that A.F. did not tell anyone about the assault for three years, the lack of forensic or physical evidence is to be expected.

{¶ 35} The evidence shows that A.F. was consistent with her disclosures to her mother and police. Frazier points out one inconsistency in A.F.'s testimony, where A.F. told her mother via text message that she did not tell Frazier "no" as he was assaulting her, but testified that she did, in fact, tell Frazier "no." The state addressed this inconsistency during A.F.'s testimony. A.F. explained:

> Prosecutor: In those text messages [to your mother] you said you didn't say no, but you did say no, you just testified to that. Can you kind of explain that?
>
> A.F.: I said no, but it didn't mean anything obviously. And I told her that I said no — I didn't say no because he wouldn't care.

{¶ 36} Frazier further contends that A.F. lied about "abusing" ibuprofen. But A.F. testified that she told her mother that she was taking ibuprofen as a way to explain her behavior so she did not have to tell her mother that her behavior was a result of the assault and keeping the assault a secret.

{¶ 37} The jury was in the best position to judge witness credibility, including whether to believe A.F.'s testimony, and weigh all evidence. We do not find that this is the rare case where the convictions are against the manifest weight of the evidence.

{¶ 38} The second assignment of error is overruled.

**The Trial Court did not Commit Plain Error**

{¶ 39} In the third assignment of error, Frazier contends that the trial court committed plain error in instructing the jury on the use of force.

{¶ 40} The court instructed the jury as follows:

**The force of a parent or other authority figure.**

When the relationship between the victim and the Defendant is one of a child, and in this case an uncle, the element of force need not be openly displayed or physically brutal. It can be subtle, slight, and psychological or emotionally powerful. Evidence of an express threat of harm or evidence of significant physical restraint is not required. If you find beyond a reasonable doubt that under the circumstances in evidence the victim's will was overcome by fear or duress or intimidation, the element of force has been proved.

{¶ 41} Frazier did not object to the jury instruction; therefore, he has waived all but plain error:

On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to

consider its verdict, stating specifically the matter objected to and the grounds of the objection. Crim.R. 30(A). If a defendant fails to object to the court's giving of an instruction or failure to give an instruction, he or she forfeits all but plain error on appeal.

*State v. Kudla*, 9th Dist. Summit No. 27652, 2016-Ohio-5215, ¶ 7.

{¶ 42} In this case, we find that the instruction was not in error. Frazier was charged with one count of rape relating to forced fellatio. As we previously found, A.F.'s testimony that Frazier pushed her head down with his hands until she got on her knees was sufficient to show force.

{¶ 43} With regard to the other rape and attempted rape convictions, the instruction was also not in error. We recognize that this court has rejected a per se rule that "force" under R.C. 2907.02(A)(2) is demonstrated whenever sexual assaults are committed by an older relative. *In re T.W.*, 2018-Ohio-3275, 112 N.E.3d 527, ¶ 21 (8th Dist.). Instead, "[t]here must be some evidence, for instance, that the offender has inherent power through his position of authority over the victim, or that the force used was subtle and psychological stemming from the filial-like relationship." *Id.* at ¶ 21.

{¶ 44} Frazier is A.F.'s uncle. He was 36 at the time of the assault. A.F. had just turned 13 years old. A.F. testified that she did what Frazier told her to do because he was bigger than her. Thus, A.F. was forced to submit to the authority of her 36 year old uncle. In addition, Frazier told A.F. to keep the assault a secret, which she did for three years. *See Eskridge*, 38 Ohio St.3d at 59, 526 N.E.2d 304, citing *Fowler*, 27 Ohio App.3d 149, 500 N.E. 2d 390 (in both cases, the court

considered that the defendant-relative told child victim not to disclose the abuse). The state established force from the "filial-like relationship" through testimony that (1) Frazier was A.F.'s uncle; (2) Frazier was 36 years old at the time of the assault, 20 years older than A.F.; (3) A.F. had just turned 13 years old; (4) Frazier told A.F. that he was going to take her to a store but instead took her to a house where he assaulted her; (5) A.F. did not feel free to leave; (6) Frazier told A.F. not to tell anyone about the incident; and (7) A.F. did not disclose the assault for three years.

{¶ 45} In light of the above, the third assignment of error is overruled.

**Frazier Received Effective Assistance of Trial Counsel**

{¶ 46} In the fourth assignment of error, Frazier claims that he received ineffective assistance of counsel because counsel failed to object to the court's jury instruction on force.

{¶ 47} The standard of review for ineffective assistance of counsel requires a two-part test as set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "The defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-688. The defendant must also prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

{¶ 48} Applying this standard to Frazier's contention that his trial counsel was ineffective in failing to object to the jury instruction on force, we conclude that our disposition of the third assignment of error renders this claim moot.

{¶ 49} The fourth assignment of error is overruled.

{¶ 50} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR