[Cite as *State v. Owsley*, 2021-Ohio-4561.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,             CASE NO.  2-21-13

    v.

AUSTIN R. OWSLEY,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2020-CR-23

Appeal Dismissed

Date of Decision:    December 27, 2021

APPEARANCES:

    *Nick A. Catania* for Appellant

    *Benjamin R. Elder* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Austin Owsley, appeals the July 15, 2021 judgment of the Auglaize County Court of Common Pleas. Finding that the issues presented by Owsley are not ripe for review, we dismiss his appeal.

{¶2} On March 19, 2020, Owsley pleaded guilty to two counts of trafficking in drugs in violation of R.C. 2925.03(A)(1), fourth-degree felonies. On May 26, 2020, the trial court sentenced Owsley to five years of community control. Owsley was notified that, if he violated the conditions of his community control, the trial court could impose concurrent 17-month prison terms for his offenses.

{¶3} On September 4, 2020, Owsley appeared before the trial court and admitted to violating the conditions of his community control. The trial court found Owsley guilty of violating the conditions of his community control and ordered that Owsley be continued on community control. Owsley was readvised that, if he violated the conditions of his community control, the trial court could impose concurrent 17-month prison terms for his offenses.

{¶4} On July 14, 2021, Owsley again appeared before the trial court and admitted to violating the conditions of his community control. The trial court again found Owsley guilty of violating the conditions of his community control and ordered that Owsley be continued on community control. This time, however,

Owsley was notified that, if he violated the conditions of his community control, the trial court could impose consecutive 18-month prison terms for his offenses.

{¶5} On August 5, 2021, Owsley timely filed a notice of appeal. He raises one assignment of error for our review.

**Assignment of Error**

**The trial court imposed a prison sentence contrary to law when it imposed a sentence longer than that which the trial court stated it could impose at the original sentencing hearing.**

{¶6} In his assignment of error, Owsley challenges the trial court's reservation of an aggregate 36-month prison sentence for further violations of his community-control conditions. He argues that the trial court was without authority to change the reserved prison sentence from the original reserved sentence of two concurrent 17-month prison terms to the new reserved sentence of consecutive 18-month prison terms. However, Ohio appellate courts, including this court, have "consistently held that an appeal of a reserved sentence of imprisonment that is part of a sentence of community control is not ripe until an actual sentencing order imposes the prison term for community control violation." *State v. Poppe*, 3d Dist. Auglaize No. 2-06-23, 2007-Ohio-688, ¶ 14; *see State v. Williams*, 2d Dist. Greene No. 2012-CA-43, 2014-Ohio-725, ¶ 15; *State v. Ogle*, 6th Dist. Wood No. WD-01-040, 2002 WL 313386, *3-4 (Mar. 1, 2002). At this point, it is uncertain whether the trial court will ever impose the new reserved prison sentence on Owsley.

Owsley might abide by the conditions of his community control from now on, and even if he does not, it is possible that the trial court might once again decide to continue Owsley on community control or choose to impose only the original 17-month reserved prison term. "If, and when, [Owsley] is sentenced to a term of incarceration for violation of his community control sanctions, he can appeal that sentencing order on the grounds set forth herein * * *." *Poppe* at ¶ 17.

{¶7} Accordingly, we conclude that the assignment of error is not ripe for review and hereby dismiss Owsley's appeal. *Id.* at ¶ 18; *Ogle* at *4.

***Appeal Dismissed***

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**