[Cite as *State v. Michailides*, 2018-Ohio-2399.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 105966

---

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## JOHN MICHAILIDES

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED AS MODIFIED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-615203-A

**BEFORE:** Keough, J., McCormack, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 21, 2018

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Gregory J. Ochocki
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Mark Stanton
Cuyahoga County Public Defender
By: Frank Cavallo
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Plaintiff-appellant, the state of Ohio, appeals the trial court's decision dismissing the indictment against defendant-appellee, John Michailides, for a violation of speedy trial. For the reasons that follow, we affirm, but modify the court's judgment entry to reflect that the case is dismissed with prejudice.

{¶2} In August 2016, Michailides was named in a one-count indictment charging him with aggravated arson, in violation of R.C. 2929.02(A)(1), as a result of setting fire to a McDonald's restaurant in Cleveland. He pleaded not guilty, and the case was set for trial.

{¶3} On the March 8, 2017 trial date, the state requested a brief continuance to re-indict Michailides to include additional charges pertaining to individual victims inside the restaurant when the fire was started. Michailides objected, and the trial court denied the request. Thereafter, the state moved to amend the indictment to change the "victim" of the offense from the McDonald's restaurant, to the specific individuals inside the restaurant. Michailides objected to amending the indictment because it would change the identity of the crime charged. The trial court agreed with the defense and denied the state's motion to amend the indictment.

{¶4} Following these roadblocks, the state moved to dismiss the indictment without prejudice against Michailides. Defense counsel objected stating that any dismissal should be with prejudice because it was the second time the state was not prepared to go forward with trial. The trial court granted the state's motion and ordered Michailides released from custody.

{¶5} The following day, on March 9, 2017, the state reindicted Michailides under Cuyahoga C.P. No. CR-17-615203, charging him with two counts of aggravated arson, one count of arson, three counts of vandalism, and one count of inducing panic. The state requested and

obtained a warrant for his arrest, and a summons was also sent to Michailides to appear for arraignment.

{¶6} On March 23, 2017, Michailides appeared for arraignment and was detained. On May 1, 2017, the day of trial, defense counsel filed a motion to dismiss based on speedy trial grounds. Michailides waived his right to a speedy trial between May 1, 2017, and June 1, 2017, for the limited purposes of arguing his motion to dismiss. Trial was continued, and the motion to dismiss was set for a hearing. Following a hearing, the trial court granted Michailides's motion to dismiss, finding that 272 days were counted against the state, exceeding the statutory requirement in R.C. 2945.71 of 270 days. The court noted that the dismissal was without prejudice.

{¶7} The state now appeals, raising as its sole assignment of error that the trial court erred in granting Michailides's motion to dismiss.

## I. Standard of Review

{¶8} Whether a trial court's ruling on a speedy trial question was correct presents a mixed question of law and fact. *State v. Borrero*, 8th Dist. Cuyahoga No. 82595, 2004-Ohio-4488, ¶ 10, citing *State v. Barnette*, 12th Dist. Fayette No. CA2002-06-011, 2003-Ohio-2014. Appellate courts apply a de novo standard of review to the legal issues but afford great deference to any findings of fact made by the trial court, if supported by competent and credible evidence. *State v. Barnes*, 8th Dist. Cuyahoga No. 90847, 2008-Ohio-5472, ¶ 17. This court must construe the statutes strictly against the state when reviewing the legal issues in a speedy trial claim. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996). Moreover, in analyzing the procedural time-line record of the case, this court is required to strictly construe any ambiguity in

the record in favor of the accused. *State v. Johnson*, 8th Dist. Cuyahoga Nos. 78097, 78098, and 78099, 2001 Ohio App. LEXIS 999, 6 (Mar. 8, 2001).

## II. Defendant's Burden

{¶9} R.C. 2945.71 requires the state to bring a felony defendant to trial within 270 days of arrest. Each day a defendant is held in jail in lieu of bail solely on the pending charge is counted as three days. R.C. 2945.71(E). If a defendant is not brought to trial within the speedy trial limits, the court, upon motion, must discharge the defendant. R.C. 2945.73(B). A defendant establishes a prima facie case for discharge based on a speedy trial violation when he or she demonstrates that more than 270 days elapsed before trial. *See State v. Butcher*, 27 Ohio St.3d 28, 500 N.E.2d 1368 (1986). The burden then shifts to the state to show that R.C. 2945.72 extended the time limit. *Cook* at 55-56.

{¶10} The Supreme Court of Ohio has determined that where new and additional charges arise from the same set of facts as those found in the original charge, and the state knew of those facts at the time of the initial indictment, the time frame within which any new charge is to be tried is subject to the same statutory limitations period as that applied to the original charge. *State v. Adams*, 43 Ohio St.3d 67, 538 N.E.2d 1025 (1989); *see also State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032. In this circumstance, any time period that has elapsed under the original indictment is tacked on to the time period that commences with the second indictment. *State v. Bonarrigo*, 62 Ohio St.2d 7, 11, 402 N.E.2d 530 (1980).

{¶11} In this case, the state has not made any argument that the new and additional charges brought under the subsequent indictment do not arise out of the same set of facts as those found in the original indictment, or that the state did not know of those facts at the time of the

initial indictment. Therefore, the time under the original indictment is included in calculating whether the state violated Michailides's right to a speedy trial.

{¶12} Applying the triple-count provisions at all relevant times, over 700 days elapsed between the date of Michailides's arrest on August 8, 2016, in Cuyahoga C.P. No. CR-16-608742 and the motion to dismiss hearing on May 1, 2017, under Cuyahoga C.P. No CR-17-615203. He, therefore, established a prima facie case of a speedy trial violation. The burden thus shifts to the state.

### III. State's Burden

{¶13} Under R.C. 2945.72, the time within which an accused must be brought to trial is extended for various reasons, including motions filed and continuances requested by the accused, the time required to secure counsel for the accused, and reasonable continuances granted other than upon the accused's motion. *See, e.g., State v. Byrd*, 8th Dist. Cuyahoga No. 91433, 2009-Ohio-3283; *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283.

**A. August 2016**

{¶14} The state argued in the trial court and now on appeal that Michailides's speedy trial time began running August 9, 2016, the day following his arrest. *See State v. Wells*, 8th Dist. Cuyahoga No. 98388, 2013-Ohio-3722, ¶ 4 (arrest date not counted). It continued to run for 12 days, until August 20, 2016, when he filed his demand for discovery. Time was tolled until August 25, 2016, when the state provided its discovery responses. Time then ran for six days until August 31, 2016, when a pretrial was held and the case was continued for another pretrial at the defendant's request.[1] We agree with the state's calculation. Accordingly, 54 speedy-trial days (18 days subject to the triple-count provision) ran in August 2016.

---

[1]The state argued in the trial court that Michailides never responded to the state's request for discovery and, thus, the time should toll from August 20, 2016, until January 31, 2017. However, as the state concedes on appeal,

**B. September 2016 — January 2017**

{¶15} The state maintains on appeal that Michailides's speedy trial time was tolled from September 1, 2016, through January 31, 2017. The record shows that starting on September 1, 2016, Michailides was granted continuances of pretrials at his request. On December 19, 2016, the trial court scheduled trial for February 7, 2017, but also continued the matter for another pretrial "at the defendant's request" until January 5, 2017. On January 5, the trial court again noted that trial remained set for February 7, but also continued the matter for a final pretrial at the defendant's request until January 24, 2017. On January 24, the trial court again noted that the trial remained set for February 7, 2017, but also continued the matter for another final pretrial on January 30, 2017. On January 30, the court noted that the trial remained for February 7, 2017. On February 7, the state requested a continuance of trial.

{¶16} This case history and date sequence is significant because an argument could be made that when the trial court schedules an advance trial date and the defendant does not take any action to delay or continue that trial date — even though pretrials occur up and until that trial date — the time is not tolled. While this situation occurred here, the time was nevertheless tolled during this period because reciprocal discovery was not provided.

{¶17} The state served its demand for discovery on Michailides on August 25, 2016, but he did not respond to this request until January 31, 2017. The failure of a criminal defendant to respond within a reasonable time to the state's request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D). *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, paragraph one of the syllabus. Under most circumstances, 30 days is generally considered to be a reasonable time to respond. *State v.*

---

Michailides did respond to discovery.

*Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 26; *see also Palmer* at paragraph three of the syllabus (determination of reasonable response time is based on the totality of the circumstances).

**{¶18}** Accordingly, Michailides's requests for continuances and his failure to respond to the state's discovery demand until January 31, 2017, provided an uninterrupted tolling of the speedy trial clock from September 1, 2017, through January 31, 2017. We agree with the state's calculation that only 54 days had run thus far.

**C. February 2017 — March 8, 2017**

**{¶19}** The state conceded in the trial court and on appeal that all of February 2017 counts against Michailides's speedy-trial time. We agree with the state's calculation because following Michailides's response to the state's request for discovery, the trial that was initially scheduled for February 7, 2017, was continued at the state's request until March 8, 2017. On March 8, the state dismissed the case without prejudice against Michailides and he was released.

**{¶20}** Accordingly, after applying the triple count provision, 108 additional days accrued during the month of February until the case was dismissed on March 8, 2017, for a total of 162 days against Michailides's speedy trial time.

**D. March 9, 2017 — March 23, 2017**

**{¶21}** This period of time is the crux of the appeal. The trial court's written decision noted that the parties agreed to some of the non-tolling timeframes. Based on those agreements, the trial court calculated that 86 days, or 258 days after applying the triple-count provision, counted against Michailides's speedy trial time. The trial court found that the only period of time at issue between the parties was from March 9, 2017, when Michailides was reindicted

under Cuyahoga C.P. No. CR-17-615203, to March 23, 2017, when he was arraigned on those new charges.

{¶22} The state argued that the time frame was tolled because Michailides had not been arrested, jailed, or held on bond, which would allow the speedy trial clock to start. The state also maintained that because a capias was issued immediately following the reindictment, the time was tolled. The defense, on the other hand, claimed that a capias should not have been issued and the state's use of a capias to toll the time was improper and unfair considering that a summons was also issued for Michailides to appear at arraignment, and the indictment was obtained the day after he was released.

{¶23} The trial court was troubled by the fact that a capias would be issued immediately following reindictment without allowing Michailides to appear voluntarily at the arraignment by virtue of the summons that was also issued following the reindictment. The court found that no exigent circumstances existed to justify the issuance of the capias. Accordingly, the trial court found that the speedy trial clock began on the date of the reindictment — March 9, 2017. Adding those additional 14 days to its calculation, the trial court found that 272 days had passed, and thus, the state violated Michailides's right to a speedy trial.

{¶24} However, the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, shall not be counted unless the defendant is held in jail or released on bail. *State v. Broughton*, 62 Ohio St.3d 253, 581, N.E.2d 541 (1991), paragraph one of the syllabus. The speedy trial time clock restarts when the defendant is arrested under a subsequent indictment that is premised on the same underlying facts alleged in a previous indictment. *Id*. at paragraph two of the syllabus. However, any time period that has elapsed under the original

indictment should be tacked on to the time period commencing with the second indictment. *Id.* at 261; *Bonarrigo*, 62 Ohio St.2d at 11, 402 N.E.2d 530; *see also State v. Fitzgerald*, 8th Dist. Cuyahoga No. 65435, 1994 Ohio App. LEXIS 813 (Mar. 3, 1994) (clock starts on day defendant was arraigned and notified of pending charges).

**{¶25}** Accordingly, in this case, the time period between the dismissal of the indictment on March 8, 2017, and Michailides's appearance and subsequent detention at arraignment on the reindictment on March 23, 2017, is tolled. The trial court's determination that it was not tolled and counted against Michailides's speedy trial time was in error.

**{¶26}** Accordingly, we agree with the state's calculation. The speedy trial clock restarted when Michailides was taken into custody following arraignment on March 23, 2017. Accordingly, 162 days counted against Michailides's speedy trial time thus far.

**E. March 23, 2017 — May 1, 2017**

**{¶27}** The time between March 23, 2017, through May 1, 2017, was not tolled. Michailides was arrested on March 23 after appearing for arraignment; thus the speedy trial clock restarted on March 24, 2017. The first pretrial was set for April 6, 2017, but was continued at the state's request until April 10. On April 10, trial was scheduled for May 1, 2017. On May 1, Michailides moved to dismiss the case for a speedy trial violation. Accordingly, an additional 114 days is counted against Michailides's speedy trial time.

**{¶28}** The state argues for the first time on appeal that two events occurred during this time period that tolled the speedy trial time — (1) Michailides's pro se "motion (to dismiss) for speedy trial" filed on March 28, 2017; and (2) Michailides's request for trial on April 10, 2017. Because these arguments were not made to the trial court for its consideration, they effectively are waived and will not be considered on appeal. Moreover, because the state agreed in the trial

court that these timeframes counted against Michailides's speedy trial time, any error by the trial court could be viewed as invited error. However, even considering the arguments, we disagree with the state.

### 1. Pro Se Motion

{¶29} Contrary to the state's assertion, Michailides's pro se motion filed on March 28, 2017, was not a motion to *dismiss* for speedy trial, but rather a motion for speedy trial, which essentially requested that the trial court set a trial date. Michailides did not request that the case against him be dismissed for a speedy trial violation. Rather, he contended that he was "ready for trial" and requested the trial court to "insure that this matter is set for trial at its earliest convenience so that his rights are not violated again." Michailides essentially put everyone on notice that the speedy trial clock was ticking. Despite his request, no trial date was set until after counsel was assigned and another request was made.

{¶30} In addressing a constitutional speedy trial argument, the Ohio Supreme Court stated, "to constitute a denial of a speedy trial [on constitutional grounds], [the defendant] must have made a request for trial. He cannot create this defense by inaction on his part." *Cunningham v. Haskins*, 3 Ohio St.2d 86, 209 N.E.2d 211 (1965), citing *State v. Cunningham*, 171 Ohio St. 54, 167 N.E.2d 897 (1960), and *Everhart v. Maxwell, Warden*, 175 Ohio St. 514, 196 N.E.2d 589 (1964). In this case, Michailides acted by requesting a trial, which should not be counted against him now for an alleged statutory violation. Michailides's request was a preservation of his right to claim a constitutional violation of speedy trial because failure to do so would arguably create grounds for the state to object to any subsequent constitutional speedy trial challenge. Accordingly this time does not toll his speedy trial time.

### 2. Trial Set "at Defendant's Request"

**{¶31}** The state also contends that the time period from when the demand for trial is made until trial occurs tolls the speedy trial time. Specifically, in this case, the state maintains that because the trial date was set "at the defendant's request," the fact that the time exceeded the speedy trial clock should be counted against Michailides or should be deemed a waiver to speedy trial. We disagree.

**{¶32}** The Ohio Supreme Court has stated that there is no statutory provision requiring a defendant to make any formal written demand for trial upon his indictment. *State v. Cross*, 26 Ohio St.2d 270, 275, 271 N.E.2d 264 (1971). Moreover, any request for an initial trial date will always be "at the defendant's request" because the defendant has a constitutional right to a trial, not the state.

**{¶33}** The record provided to this court does not indicate under what circumstances the May 1, 2017 trial date was set — the journal entry only provides that the trial date was set "at the defendant's request." Does this mean that the defendant merely requested a trial date? Or did the defendant request that specific date? Nothing in the record indicates that the state objected to that specific trial date or requested a different date, and the state does not argue on appeal that the actual trial date was set over the state's objection. Strictly construing the ambiguity against the state, we find that the date was an arbitrary date set by the trial court.

**{¶34}** Moreover, a defendant has no duty to object to the setting of a trial date beyond the speedy trial deadline. *State v. Penwell*, 4th Dist. Scioto No. 831, 1994 Ohio App. LEXIS 834, 11 (Feb. 14, 1994). It is the state's duty to ensure that a defendant is brought to trial within the timeframe under R.C. 2945.71. *See State v. Singer*, 50 Ohio St.2d 103, 105-106, 362 N.E.2d 1216 (1977) (the mandatory duty of complying with R.C. 2945.71 through 2945.73 is upon the prosecution and the trial court).

**{¶35}** Accordingly, absent any evidence in the record that would indicate that Michailides purposefully chose this specific trial date to circumvent speedy trial, the time between when Michailides requested the trial and the date when the motion to dismiss was filed is not tolled.

## IV.  Conclusion

**{¶36}** Therefore, after applying the triple-count provision, 114 days is added to the 162 days that passed under the original indictment.  Our calculation reveals that the total amount of days is 278, which is beyond the 270 days required under R.C. 2945.71; the state violated Michailides's right to a speedy trial.

**{¶37}** Accordingly, the trial court did not err in granting Michailides's motion to dismiss.  The assignment of error is overruled.  However, we modify the trial court's decision to reflect that a dismissal for a speedy trial violation is a dismissal with prejudice.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

TIM McCORMACK, P.J., and
LARRY A. JONES, SR., J., CONCUR