[Cite as *State v. Shahin*, 2024-Ohio-456.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellant,            :

                         No. 112829

    v.                              :

MOHAMED SHAHIN,                          :

    Defendant-Appellee.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 8, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-671606-C

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Owen W. Knapp, Assistant Prosecuting Attorney, *for appellant.*

Marein & Bradley and Cal E. Cumpstone, *for appellee.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Plaintiff-appellant the state of Ohio appeals from the trial court's May 10, 2023 judgment dismissing its case, with prejudice, against defendant-appellee Mohamed Shahin. For the reasons that follow, we reverse and remand for the trial court to enter a judgment dismissing the case without prejudice.

{¶ 2} In December 2022, the state charged Shahin in a one-count indictment with grand theft of a motor vehicle, a fourth-degree felony. Trial was scheduled to take place on May 10, 2023. On that date, the parties and counsel appeared before the trial court and the trial court questioned the assistant prosecuting attorney as to whether the state was prepared to proceed. Counsel responded that the state had offered Shahin a plea to the crime of unauthorized use of a vehicle, a misdemeanor of the first degree, and if Shahin did not accept the plea offer the state would dismiss the case without prejudice. Upon further questioning by the trial court, the assistant prosecuting attorney informed the court that if Shahin did not accept the plea offer, it was the state's intention to reindict him on charges of receiving stolen property and unauthorized use of a motor vehicle.

{¶ 3} Defense counsel informed the trial court that Shahin was rejecting the plea offer, maintaining his innocence, and was ready for trial. According to counsel, there was no new evidence or victims, and the state was merely attempting "to take another bite at the apple." Tr. 5. The assistant prosecuting attorney did not dispute defense counsel's statement regarding no new evidence or victims. According to the assistant prosecuting attorney, the potential new charges were "a little mystery" to the state. *Id.* at 7.

{¶ 4} The trial court told the parties it was going to dismiss the case without prejudice, but it would "be mindful as to how it comes back." *Id.* The court then stated:

So this case is dismissed without prejudice and — let me just say this for the record. I think it kind of shows some bad faith on the part of the State if you are dismissing this case solely because you can't coerce him to take a plea for a misdemeanor, and so your threat is, if you don't [plea], then we're going to reindict and we're going to add a couple more charges to it. I have a problem with that, I really do. And you know what, I'm going to dismiss it with prejudice.

*Id.* at 7-8.

{¶ 5} The hearing then concluded, without objection from the state. The court issued its judgment, in which it denied the state's request to dismiss without prejudice and, instead, on its own accord, dismissed the case with prejudice. The state appeals, raising the following two assignments of error for our review:

I.    The trial court erred when it dismissed Appellee's case with prejudice in the absence of a statutory or constitutional violation that would bar further prosecution.

II.   The trial court committed plain error when it dismissed Appellee's case with prejudice and when it denied the State's motion to dismiss the case without prejudice.

{¶ 6} Under R.C. 2945.67(A), "the state may appeal the dismissal of an indictment whether the dismissal is with or without prejudice." *State v. Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957, ¶ 16. Generally, "[a] trial court's dismissal of an indictment is reviewed for an abuse of discretion." *State v. Strong*, 8th Dist. Cuyahoga No. 100766, 2014-Ohio-4209, ¶ 7, citing *State v. Walton*, 8th Dist. Cuyahoga No. 87347, 2006-Ohio-4771, ¶ 4, and *State v. Tankers*, 8th Dist. Cuyahoga Nos. 72398 and 72399, 1998 Ohio App. LEXIS 1724 (Apr. 23, 1998).

{¶ 7} Here, the state contends that it "was not afforded a meaningful opportunity to note its objections clearly on the record." Although it is true that the

hearing concluded directly after the trial court changed its mind about dismissing without prejudice, there is nothing in the record indicating that the state was prevented from objecting. Crim.R. 52(B) provides a mechanism by which parties may obtain review of "plain errors" that affected "substantial rights" even where they failed to object, however. "Plain error" exists only when it is clear the result would have been otherwise but for the error. *State v. Sanders*, 92 Ohio St.3d 245, 263, 750 N.E.2d 90 (2001).

{¶ 8} Crim.R. 48 governs the dismissal of an indictment, information, or complaint, and provides that in the instance where the dismissal is done by the court, the court "shall state on the record its findings of fact and reasons for the dismissal." Crim.R. 48(B). In general, Crim.R. 48 does not provide a trial court authority or discretion to dismiss a criminal proceeding with prejudice unless "'there is a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further prosecution.'" *State v. Troisi*, 169 Ohio St.3d 514, 2022-Ohio-3582, 206 N.E.3d 695, ¶ 40, quoting *State v. Mills*, 11th Dist. Trumbull Nos. 2020-T-0046 and 2020-T-0047, 2021-Ohio-2722, ¶ 6, quoting *State v. Jones*, 2d Dist. Montgomery No. 22521, 2009-Ohio-1957, ¶ 13, and citing *State v. Sutton*, 64 Ohio App.2d 105, 108, 411 N.E.2d 818 (9th Dist.1979).

{¶ 9} Not all violations of constitutional rights require a dismissal with prejudice, however. *Troisi* at *id.* Rather, "[t]he demarcation between a dismissal with and without prejudice rests with the constitutional prohibition against further prosecution." *State v. Payne*, 8th Dist. Cuyahoga No. 111693, 2023-Ohio-1294, ¶ 6.

As the Supreme Court of Ohio has stated, "[d]ismissals with prejudice are more appropriate for cases involving the deprivation of a defendant's rights to a speedy trial or against double jeopardy, which would preclude further proceedings." *Troisi* at *id.*, citing *State v. Michailides*, 2018-Ohio-2399, 114 N.E.3d 382, ¶ 37 (8th Dist.), and *State v. Dunn*, 8th Dist. Cuyahoga No. 101648, 2015-Ohio-3138, ¶ 22.

{¶ 10} Here, the state contends that there is no indication in the record that Shahin's constitutional or statutory rights were violated and, further, the trial court did not make such a finding. Shahin, on the other hand, contends that "dismissal with prejudice of [his] case was supported by a violation of [his] due process rights on the ground of prosecutorial vindictiveness." We are not persuaded by Shahin's argument primarily because we find it premature.

{¶ 11} "In order to be justiciable, a controversy must be ripe for review." *Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, 797 N.E.2d 964, ¶ 26. "A claim is not ripe for our consideration if it rests on contingent future events that may not occur as anticipated or may never occur at all." *State v. Loving*, 180 Ohio App.3d 424, 2009-Ohio-15, 905 N.E.2d 1234, ¶ 4 (10th Dist.).

{¶ 12} While the assistant prosecuting attorney stated that it was the state's intention to reindict Shahin on a lesser charge than he was originally indicted on (i.e., unauthorized use of a motor vehicle) and a new charge (i.e., receiving stolen property), no new indictment had been filed as of the May 2023 hearing. If the state were to reindict Shahin and add a new charge, his argument for prosecutorial vindictiveness would then be ripe. Indeed, the trial court seemed to acknowledge as

much when it stated that it would "be mindful as to how [the case] comes back" on reindictment. Tr. 7.

**{¶ 13}** Thus, on this record the trial court committed plain error in dismissing the case with prejudice. *See State v. Lindsey*, 183 Ohio App.3d 727, 2009-Ohio-4124, 918 N.E.2d 1020 (2d Dist.) (applying the plain-error doctrine in favor of the state on the trial court's dismissal of its case with prejudice). The state's assignments of error are sustained.

**{¶ 14}** Judgment reversed; case remanded for the trial court to enter a dismissal without prejudice.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR