[Cite as *State v. Thompson*, 2024-Ohio-1285.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                             :

    Plaintiff-Appellee,              :

                                No. 113510

    v.                                          :

JOHN THOMPSON,                            :

    Defendant-Appellant.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 4, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-00-396442-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

Rufus Sims, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Defendant-appellant, John Thompson ("Thompson"), appeals from the trial court's dismissal of his case without prejudice. Thompson raises the following assignment of error for review:

The trial court erred, abused its discretion, and showed bad faith without legal justification or evidence of harm or prejudice to any party of this proceeding and denied appellant's unopposed motion to vacate and modify its journal entry dated November 6, 2023 to a dismissal with prejudice.

{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶ 3} Thompson's son, C.W., was seven years old at the time of Thompson's 2001 trial. C.W. testified at Thompson's trial that Thompson engaged in sexual conduct with him on three separate occasions. C.W. testified that Thompson performed fellatio on his private parts and told C.W. not to tell his mother, M.W. After the third occasion, C.W. told M.W. about all three incidents. At the time, M.W. was employed as a county social worker and was under investigation related to allegations that she was selling drugs out of her home and that C.W. was sexually acting out with another boy who lived in the neighborhood.

{¶ 4} In February 2001, a jury found Thompson guilty of three counts of rape in violation of R.C. 2907.02. He was sentenced to life imprisonment and classified as a sexual predator.

{¶ 5} In 2002, this court affirmed his convictions and sentence. *State v. Thompson*, 8th Dist. Cuyahoga No. 79334, 2002-Ohio-5957 ("*Thompson I*"). Subsequently, this court affirmed the trial court's denial of Thompson's first petition for postconviction relief. *State v. Thompson* 8th Dist. Cuyahoga No. 81573, 2002-Ohio-6845 ("*Thompson II*").

{¶ 6} On April 20, 2020, Thompson filed a motion for leave to file a delayed motion for a new trial. In this motion, Thompson argued that on October 28, 2019, C.W. recanted his trial testimony from the 2001 jury trial. Thompson attached an affidavit to his motion in which C.W. averred that Thompson was innocent. Specifically, C.W. averred that beginning when he was two or three years old, he was sexually molested by a male cousin who was five or six years older than C.W. The abuse was ongoing for several years. When C.W. finally told his aunt, the cousin's mother, about the abuse, his aunt got extremely upset. Subsequently, the cousin approached C.W. and told him to say that someone else had molested him. The affidavit states, "Being afraid of [my cousin] and the consequences of it all, and honestly, not wanting what I had going on with my cousin to end, I lied and said my father John Thompson had molested (raped), me."

{¶ 7} C.W. further averred that he told his close friends, a professor, M.W., his brother, and his sister that Thompson did not rape him. C.W. confided in his graduate school professor because he considered this person to be a mentor and, at the time, the professor was also enrolled in law school. Eventually, C.W. spoke to Thompson's original trial counsel, who told him that it was his fault for waiting so long. He also reached out to the Innocence Project, who told him that they could not help him. C.W. also contacted the Conviction Integrity Unit at the Cuyahoga County Prosecutor's Office and spoke with investigators about the case.

{¶ 8} On March 1, 2021, the trial court denied Thompson's motion for leave to file a delayed motion for a new trial without a hearing. In *State v. Thompson*, 8th

Dist. Cuyahoga No. 110391, 2021-Ohio-4431 ("*Thompson III*"), this court reversed the trial court's judgment, stating:

> Because Thompson submitted evidence that on its face showed he was unavoidably prevented from discovering the evidence sooner, he was entitled to a hearing on his motion for leave.

*Id.* at ¶ 14.

{¶ 9} On remand, the trial court held an evidentiary hearing and heard extensive testimony from C.W., who was then 29 years old. At the conclusion of the hearing, the trial court granted Thompson leave to file a motion for a new trial.

{¶ 10} On July 5, 2022, Thompson filed a motion for a new trial, reiterating his argument that C.W.'s recantation was material, credible, and would change the outcome of the trial. The state opposed the motion for new trial, asserting that C.W.'s summary of the timeline of events in his affidavit did not align with the evidence presented at Thompson's trial.

{¶ 11} Following an evidentiary hearing, the trial court denied Thompson's motion for a new trial and stated, in relevant part:

> In relying on all the evidence, including some of the original trial transcripts, the court cannot find that it is reasonably well satisfied that the trial testimony initially given by the witness was false. The jury, as the trier of fact, deserved the benefit of the doubt in weighing the credibility of each testifying witness at trial, which included both direct and cross-examination. Therefore, the motion for new trial is denied.

{¶ 12} In *State v. Thompson*, 8th Dist. Cuyahoga No. 112042, 2023-Ohio-3358 ("*Thompson IV*"), this court reversed the trial court's judgment and remanded the case for a new trial. This court stated, in relevant part:

[we] find this to be the exceptional case in which the recantation of the victim-witness warrants reversal because it was unreasonable of the trial court to conclude that the recantation was not credible. C.W. provided a complete and unambiguous recantation of his trial testimony. While the trial court is correct that the jury was in the best position to judge the credibility of the witnesses at Thompson's trial, including C.W., this fact does not relieve the trial court of its obligation to weigh the credibility of C.W.'s recantation. We find it unreasonable for the trial court to have concluded that the testimony of a seven-year-old child, facing threats from older family members, was more credible than the testimony of a 29-year-old teacher.

*Id.* at ¶ 39.

{¶ 13} On remand, the parties appeared before the trial court and the state orally requested that the case be dismissed without prejudice. In an order dated October 6, 2023, the trial court granted the state's motion and dismissed the case without prejudice.

{¶ 14} On November 28, 2023, Thompson filed a motion seeking to modify the trial court's judgment to a dismissal with prejudice. Thompson summarized the basis of his motion as follows:

The applicant has served 23 years for a crime he never committed, he is 54 years old, the state will never retry this case. The applicant has been punished enough and justice has been denied and delayed long enough. The law and the facts establish enough time has been needlessly wasted, based on the foregoing, time is now of the essence, justice and mercy are both requesting this court vacate the former dismissal without prejudice and dismiss the present matter with prejudice.

{¶ 15} On December 4, 2023, the trial court summarily denied Thompson's motion.

{¶ 16} Thompson now appeals from the trial court's judgment.

## II. Law and Analysis

{¶ 17} In the sole assignment of error, Thompson argues the trial court committed reversible error by failing to modify its judgment to a dismissal with prejudice. Thompson contends that the trial court's judgment resulted in prejudicial error "because now, instead of making an immediate application for Declaration of Innocence, especially now as the state has conceded it will never retry the case, he is compelled to wait a full twelve (12) months for absolutely no legally justifiable reason."

{¶ 18} Generally, "[a] trial court's dismissal of an indictment is reviewed for an abuse of discretion." *State v. Strong*, 8th Dist. Cuyahoga No. 100766, 2014-Ohio-4209, ¶ 7, citing *State v. Walton*, 8th Dist. Cuyahoga No. 87347, 2006-Ohio-4771, ¶ 4, and *State v. Tankers*, 8th Dist. Cuyahoga Nos. 72398 and 72399, 1998 Ohio App. LEXIS 1724 (Apr. 23, 1998). An abuse of discretion occurs when a trial court's decision is "unreasonable, arbitrary, or unconscionable." *State v. Hill*, 171 Ohio St.3d 524, 2022-Ohio-4544, 218 N.E.3d 891, ¶ 9, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 19} Crim.R. 48 governs the dismissal of an indictment, information, or complaint. In general, Crim.R. 48 does not provide a trial court authority or discretion to dismiss a criminal proceeding with prejudice unless ""there is a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further prosecution."" *State v. Troisi*, 169 Ohio St.3d 514, 2022-Ohio-3582, 206 N.E.3d 695, ¶ 40, quoting *State v. Mills*, 11th Dist.

Trumbull Nos. 2020-T-0046 and 2020-T-0047, 2021-Ohio-2722, ¶ 6, quoting *State v. Jones*, 2d Dist. Montgomery No. 22521, 2009-Ohio-1957, ¶ 13, and citing *State v. Sutton*, 64 Ohio App.2d 105, 108, 411 N.E.2d 818 (9th Dist.1979).

{¶ 20} Not all violations of constitutional rights require a dismissal with prejudice, however. *Troisi* at ¶ 40. Rather, "[t]he demarcation between a dismissal with and without prejudice rests with the constitutional prohibition against further prosecution." *State v. Payne*, 8th Dist. Cuyahoga No. 111693, 2023-Ohio-1294, ¶ 6. As the Supreme Court of Ohio has stated, "Dismissals with prejudice are more appropriate for cases involving the deprivation of a defendant's rights to a speedy trial or against double jeopardy, which would preclude further proceedings." *Troisi* at ¶ 40, citing *State v. Michailides*, 2018-Ohio-2399, 114 N.E.3d 382, ¶ 37 (8th Dist.), and *State v. Dunn*, 8th Dist. Cuyahoga No. 101648, 2015-Ohio-3138, ¶ 22.

{¶ 21} Preliminarily, we note that the transcript of the proceedings on remand is not part of this record. Thus, the basis of the state's oral motion to dismiss without prejudice is not before this court. With that stated, however, it is evident that the state's decision to seek a dismissal without prejudice was premised on a totality of circumstances, including, among other things, this court's prior decisions and the scope and nature of C.W.'s recantation testimony. Our discussion in *Thompson IV* was limited to the application of Crim.R. 33, and this court did not identify or otherwise recognize a constitutional or statutory error that would preclude further prosecution. Under these circumstances, we cannot say the trial

court abused its discretion by granting the state's request to dismiss the case without prejudice.

{¶ 22} The sole assignment of error is overruled.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHAEL JOHN RYAN, J., CONCUR