[Cite as *Strongsville v. Smith*, 2026-Ohio-469.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF STRONGSVILLE,                  :

    Plaintiff-Appellee,            :

                                           Nos. 115551 and 115552

    v.                                             :

MICHAEL THOMAS SMITH,               :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 12, 2026

---

Criminal Appeal from the Berea Municipal Court
Case Nos. 25TRD00993 and 25TRD00996

---

### *Appearances:*

Kenneth A. Kraus, City of Strongsville Law Director, and John T. Castele, Assistant Law Director/Prosecutor, *for appellee.*

Michael Smith, *pro se.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} This consolidated appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow an appellate court to render a brief and conclusory decision. *State v.*

*Trone*, 2020-Ohio-384, ¶ 1 (8th Dist.), citing *State v. Priest*, 2014-Ohio-1735, ¶ 1 (8th Dist.).

{¶ 2} These appeals involve two separate traffic citations appellant Michael Thomas Smith received in Strongsville, Ohio. The following procedural history can be gleaned from the court record; no transcript has been provided to this court for any of the hearings.

{¶ 3} On January 30, 2025, Smith was cited for failing to signal before changing course, in violation of Strongsville Cod.Ord. 432.13, a fourth-degree misdemeanor ("signal case"). He appeared before the Strongsville Mayor's Court on February 12, 2025, pleaded not guilty, and waived his right to a speedy trial. He appeared again in Mayor's Court on February 27, 2025, and requested that his case be transferred to Berea Municipal Court.

{¶ 4} On February 13, 2025, Smith received another traffic citation for speeding, in violation of Strongsville Cod.Ord. 434.03, a fourth-degree misdemeanor ("speeding case"). He appeared before the Strongsville Mayor's Court on February 27, 2025, pleaded not guilty, and the case was transferred to Berea Municipal Court.

{¶ 5} On March 21, 2025, Smith appeared, pro se, before the Berea Municipal Court on both cases. On this day, he pleaded not guilty, did not waive speedy trial on either case, and the cases were scheduled for a bench trial on April 2, 2025, which later was converted to a pretrial. Thereafter, the cases were continued for multiple reasons, all caused by Smith. At a pretrial on April 30, 2025, the City

amended both offenses to minor misdemeanors — the signal case to a violation of R.C. 4511.39, and the speeding case to a violation of R.C. 4511.21.

{¶ 6} At some point, the court appointed Smith counsel.[1] According to the record, Smith appeared with counsel at a final pretrial on June 25, 2025, at which the court scheduled the case for a bench trial on August 27, 2025.

{¶ 7} On August 18, 2025, Smith moved to dismiss both the cases, contending that the City violated his right to a speedy trial. He further requested pursuant to Crim.R. 12(F) that the court issue findings of fact when it rendered its decision on his motion. The City did not file any opposition.

{¶ 8} On the day of trial, the trial court denied Smith's motion to dismiss. The court did not issue any written findings; no transcript was filed with this court. Smith pleaded no contest in both cases and was found guilty. The trial court ordered Smith to pay a fine and court costs in both cases. This consolidated appeal followed.

## I. The Appeal

{¶ 9} In these appeals, Smith challenges the trial court's decision denying his motion to dismiss for speedy trial in both cases.

{¶ 10} Whether a trial court's ruling on a speedy-trial question was correct presents a mixed question of law and fact. *State v. Borrero*, 2004-Ohio-4488, ¶ 10 (8th Dist.), citing *State v. Barnett*, 2003-Ohio-2014 (12th Dist.). Appellate courts

---

[1] Smith later moved to withdraw the appointed counsel, explaining that he was not entitled to appointed counsel because both offenses were reduced to minor misdemeanors. He further explained that counsel was assigned in error to those cases — counsel was appointed in two other cases that were not minor misdemeanors.

apply a de novo standard of review to the legal issues but afford great deference to any findings of fact made by the trial court, if supported by competent and credible evidence. *State v. Barnes*, 2008-Ohio-5472, ¶ 17 (8th Dist.). This court must construe the statutes strictly against the prosecution when reviewing the legal issues in a speedy-trial claim. *Brecksville v. Cook*, 1996-Ohio-171, ¶ 15. Moreover, in analyzing the procedural time-line record of the case, this court is required to strictly construe any ambiguity in the record in favor of the accused. *State v. Michailides*, 2018-Ohio-2399, ¶ 8 (8th Dist.), citing *Cook*.

{¶ 11} R.C. 2945.71(B)(1) requires the City to bring a person charged with a fourth-degree misdemeanor to trial within 45 days of citation. If a defendant is not brought to trial within the speedy-trial limits, the court, upon motion, must discharge the defendant. R.C. 2945.73(B). A defendant establishes a prima facie case for discharge based on a speedy-trial violation when he demonstrates the specified statutory time elapsed before trial. *See, e.g., State v. Butcher*, 27 Ohio St.3d 28 (1986). The burden then shifts to the City to show that provisions in R.C. 2945.72 extended the time limit.

{¶ 12} In these cases, over 180 days elapsed between the date when Smith received the traffic citations and when Smith filed his motion to dismiss on August 18, 2025. He, therefore, established a prima face case of a speedy-trial violation. The burden then shifted to the City.

{¶ 13} Under R.C. 2945.72, the time within which an accused must be brought to trial is extended for various reasons, including removal of the case from

mayor's court to municipal court, motions filed and continuances requested by the accused, and reasonable continuances granted other than upon the accused's motion. *See, e.g., Cook*, 1996-Ohio-171, at ¶ 12, 24*; State v. Byrd*, 2009-Ohio-3283 (8th Dist.); *State v. Sanchez*, 2006-Ohio-4478.

{¶ 14} For purposes of this accelerated appeal, this court will presume, without deciding, that from the date of each traffic citation in each respective case until the final pretrial on June 25, 2025, the time was tolled and not counted against the City. Accordingly, this court will only focus on the 54 days between the final pretrial date and the time when Smith filed his motion to dismiss on August 18, 2025 — which alone would violate the 45-day speedy trial time.

{¶ 15} On June 25, 2025, the trial court conducted a final pretrial, at which the trial court scheduled both cases for trial on August 27, 2025. The court's journal entries each provide: "This matter came on for Pretrial on June 25, 2025. Defendant and Counsel present. Defense requests set for Trial. Trial set for August 27, 2025 at 1:30 p.m." Unlike the trial court's other orders that specifically noted that "time is tolled," these journal entries did not contain such language.

{¶ 16} The City concedes that the time between the final pretrial and trial exceeded the statutory time period but contends that (1) Smith did not object to the trial date, and (2) the continuance was reasonable considering that Smith requested a trial in two cases, both set for August 27, 2025.

{¶ 17} This court rejects the City's contention that Smith's failure to object waived any speedy-trial argument. This court addressed this same argument under similar circumstances in *Michailides*, 2018-Ohio-2399 (8th Dist.).

{¶ 18} In *Michailides*, the court scheduled a trial date beyond the speedy-trial time. In the court's journal, it noted that the trial date was scheduled "at the defendant's request" without any further information explaining why the court chose that specific date. *Id.* at ¶ 33. This court found that when the trial court did not indicate why the specific beyond-speedy-trial date was set, including that the defendant requested that specific date, and the prosecution objected to that date or requested a different day, then the court will strictly construe the ambiguity against the prosecution and find the date was arbitrarily set. *Id.*

{¶ 19} This court stated that "a defendant has no duty to object to the setting of a trial date beyond the speedy trial deadline." *Id.* at ¶ 34, citing *State v. Penwell*, 1994 Ohio App. LEXIS 834, *11 (4th Dist. Feb. 14, 1994). It is the prosecution and the trial court's duty to ensure that a defendant is brought to trial within the timeframe under R.C. 2945.71. *Id.,* citing *State v. Singer*, 50 Ohio St.2d 103, 105-106 (1977) (the mandatory duty of complying with R.C. 2945.71 through 2945.73 is upon the prosecution and the trial court); *State v. Ramey*, 2012-Ohio-2904, ¶ 14, citing *Singer* ("The prosecution and the trial courts have a mandatory duty to try an accused within the time frame provided by the statute.").

{¶ 20} Accordingly, Smith did not need to object to preserve his speedy-trial claim.

{¶ 21} The City also contends that the trial date was a reasonable continuance and thus pursuant to the second clause of R.C. 2945.72(H), it was a "continuance other than upon the accused's own motion," which would extend the speedy trial time limits. In support, it relies on *State v. McRae*, 55 Ohio St.3d 149 (1978).

{¶ 22} In *McRae*, the Ohio Supreme Court reaffirmed its prior decision in *Singer*, 50 Ohio St.2d 103, and held that when a trial date is set beyond the time limits of R.C. 2945.71 and the defendant does not acquiesce to that date, but merely fails to object, and the trial court's action of setting that date beyond the speedy-trial time does not constitute a continuance under R.C. 2945.72(H). *Id.* at 152. The Court noted that the trial court has the discretion, however, to extend the time when defense counsel voluntarily agrees to the trial date beyond the statutory time limits. *Id.* However, that continuance must be "reasonable" and "does not deny the accused the right to a speedy trial." *Id.* at 153, citing *State v. Davis*, 46 Ohio St.2d 444, 448-449 (1976), and *State v. Lee*, 48 Ohio St.2d 208, 209 (1976). "Whether such a continuance is reasonable *must be affirmatively demonstrated* in some manner in the trial court." (Emphasis added.) *Id.*, citing *Lee* at 209.

{¶ 23} In *Ramey*, the Ohio Supreme Court revisited *Davis's* requirement that "[w]hen a trial court exercises its discretion to continue the period for trial beyond the statutory limit, the continuance is entered under the second clause of subsection (H) and, therefore, the period of continuance must be reasonable." *Ramey*, 2012-Ohio-2904, ¶ 28, citing *Davis* at syllabus. The *Ramey* Court stated

that it was once again "address[ing] trial courts' imperfect handling of continuances under R.C. 2945.72(H)." *Ramey* at ¶ 33. The Court admonished the trial court's failure to comply with *State v. Mincy*, 2 Ohio St.3d 6 (1982), that requires "[w]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." *Id.* at ¶ 32, quoting *Mincy* at syllabus.

{¶ 24} Nevertheless, the Court "recognized that an appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record." *Id.*, citing *McRae*, 55 Ohio St.3d at 152. The *Ramey* Court stated that the appellate court, however, did not undertake the "requisite inquiry . . . to determine whether the setting of the trial date beyond the statutory time was reasonable." *Id.* at ¶ 34. In remanding the case to the appellate court for this review, the Court "reaffirm[ed] the principle of law that the determination of reasonableness must be made on the existing record." *Id.*, citing *McRae* at 153.

{¶ 25} In this case, much like in *Ramey*, the trial court also did not comply with *Mincy's* requirement of setting forth any reasons why the trial was scheduled beyond the speedy-trial time frame. Accordingly, applying the principles of *Davis* and *McRae*, we find that the existing record does not demonstrate that scheduling the bench trial 54 days from the date of the final pretrial was reasonable considering

the nature of the cases. Both of these cases involved simple traffic infractions that did not require any witnesses beyond the officer who issued the traffic citation. Moreover, the City did not file any written opposition to Smith's motion in the trial court explaining the necessity for the lengthy delay nor does the City's appellate brief offer further explanation, other than both trials were scheduled for the same day.

{¶ 26} Moreover, although timely requested by Smith, the trial court did not issue any written findings when it denied Smith's motion to dismiss. Granted that may have occurred in open court and Smith has failed to provide this court with a transcript of the proceedings, but the City has not given this court any indication that any findings were made, which would support their position that setting the trial beyond the statutory time frame was reasonable pursuant to R.C. 2945.72(H).

{¶ 27} Based on the foregoing and construing any ambiguity against the City, we find that the trial court erred in denying Smith's motion to dismiss filed in both cases because the City violated his right to a speedy trial. The assignment of error raised in both appeals is sustained.

{¶ 28} Finding merit to this first assignment of error, his second assignment of error raised in Appeal No. 115552, challenging the trial court's issuance of a nunc pro tunc journal entry, is rendered moot. *See* App.R. 12(A)(1)(c).

{¶ 29} Judgment reversed, and case remanded for the trial court to vacate Smith's convictions in both cases.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution. Case remanded to the trial court to vacate defendant's convictions.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)