[Cite as *State v. Willis*, 2026-Ohio-452.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No.  115052 |
| v. | : | |
| OHAUN WILLIS, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:**  February 12, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-691972-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alexanderia Serdaru, Assistant Prosecuting Attorney, *for appellee.*

Flowers & Grube, Louis E. Grube, and Michael J. Factor, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Ohaun Willis ("Willis") appeals from his sentence following a bench trial in the Cuyahoga County Court of Common Pleas. For the reasons that follow, we affirm in part, reverse in part, and remand.

## I.  Factual and Procedural History

{¶ 2}  On May 15, 2024, Willis was indicted on seven counts:

Four counts of first-degree felony aggravated arson (R.C. 2909.02(A)(1)).

One count of second-degree felony aggravated arson (R.C. 2909.02(A)(2)).

One count of second-degree misdemeanor criminal damaging or endangering (R.C. 2909.06(A)(1)).

One count of first-degree misdemeanor domestic violence (R.C. 2919.25(A)).

{¶ 3}  The charges arose from an incident on April 5, 2024, at a residence on East 128th Street in Cleveland.  Evidence at trial established that a masked individual used an ignitable liquid to set fire to a porch banister while residents were inside.  Several residents, including Willis's estranged husband, Keejuan Jones, identified Willis as the perpetrator based on his physical build, gait, and features visible on Ring camera footage.

{¶ 4}  On November 6, 2024, Willis waived his right to a jury trial. Following a bench trial on February 20, 2025, the trial court found Willis guilty on all counts.

{¶ 5}  At the sentencing hearing on March 26, 2025, the trial court rejected Willis's request for community control.  The court sentenced Willis to an aggregate prison term of 5 to 7.5 years, ordered to be served concurrently. The court later modified the sentence by nunc pro tunc entry.

**{¶ 6}** Regarding the misdemeanor convictions, the court imposed a 90-day jail term for Count 6 and a 180-day jail term for Count 7. However, the court stated, "I will suspend the [jail terms] as you are going to prison." The nunc pro tunc entry of April 7, 2025, additionally imposed the 5 to 7.5 year sentence on Counts 2, 3, 4, and 5 and ordered the counts to run concurrently. Willis timely appeals raising one assignment of error for our review.

## II. Assignment of Error

> The trial court committed plain error at sentencing by entering suspended misdemeanor jail terms instead of ordering them to be served concurrently alongside the defendant's prison terms.

## III. Law and Analysis

**Standard of review**

### A. R.C. 2929.24, Definite Jail Terms for Misdemeanors and R.C. 2929.25, Misdemeanor Community-Control Sanctions

**{¶ 7}** Willis argues that the sentence imposed by the trial court is contrary to law. He asserts that split sentences are prohibited by law, thus the trial court was without authority to suspend his sentence for the misdemeanor convictions pending the completion of his sentence for felony convictions. An appellate court may increase, reduce, or otherwise modify a sentence if it is "contrary to law" under R.C. 2953.08(G)(2)(b). *State v. Jones,* 2020-Ohio-6729, ¶ 34.

**{¶ 8}** Because Willis did not object at sentencing he must demonstrate plain error. *See State v. Rudolph*, 2023-Ohio-1040, ¶ 29 (8th Dist.). Under Crim.R. 52(B), plain error requires an obvious defect that affected substantial rights. *Id.* We

notice plain error with the utmost caution and under exceptional circumstances, to prevent a manifest miscarriage of justice. *State v. Rogers*, 2015-Ohio-2459, ¶ 23.

## B. R.C. 2929.41 and Concurrent Service

{¶ 9} The sentencing dispute is narrow. The court imposed misdemeanor jail terms (90 days and 180 days) while also imposing felony prison terms; however, it suspended the misdemeanor jail terms rather than ordering them served concurrently.

{¶ 10} Willis argues that his sentencing structure is contrary to law because R.C. 2929.41(A) mandates concurrent service of misdemeanor jail time with felony prison time absent a statutory exception. The relevant provision of R.C. 2929.41 (A) states in part:

> Except as provided in division (B) of this section, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

{¶ 11} Likewise, the Ohio Supreme Court has observed that R.C. 2929.41(A)'s first sentence states "the general rule requiring concurrent sentencing with only clearly delineated exceptions," including R.C. 2929.41(B). *State v. Polus*, 2016-Ohio-655, ¶ 10. Furthermore, R.C. 2929.41(A)'s second sentence contains a specific rule: "subject only to the exceptions stated in R.C. 2929.41(B)(3), a trial court must impose concurrent sentences for felony and misdemeanor convictions."

*Id.* Neither party disputes that the statutory exceptions are inapplicable here. The State responds that R.C. 2929.25 authorizes a trial court to suspend misdemeanor jail time and that any "error," if one occurred, lies in the court's failure to impose a community-control sanction after suspending the jail terms. The State, therefore, requests a remand to resentence on the misdemeanor counts. We find the State's argument unpersuasive for two reasons: First, R.C. 2929.25 authorizes suspension of a misdemeanor jail term only when the court is imposing community-control sanctions; it does not authorize suspending a definite jail term when no community control is imposed. Second, because the court imposed definite jail terms under R.C. 2929.24 and 2929.41(A) required those terms to run concurrently with the felony prison term, suspending them instead was contrary to law.

{¶ 12} Misdemeanor sentencing is governed by R.C. 2929.25, which outlines the procedure for community-control sanctions, while R.C. 2929.24 concerns "definite jail terms." *State v. Bukovec*, 2023-Ohio-2774, ¶ 10 (8th Dist.).

{¶ 13} Under R.C. 2929.25, when a trial court imposes community-control sanctions for misdemeanor offenses, the court has two choices: (a) it may directly impose a sentence of one or more community-control sanctions authorized by R.C. 2929.26, 2929.27, or 2929.28; or (b) it may impose a jail term, suspend all or part of that term, and then place the offender under a community-control sanction or combination of community-control sanctions. R.C. 2929.25; *e.g., Independence v. Muscatello*, 2024-Ohio-4905 ¶ 15 (8th Dist.); R.C. 2929.25(A)(1)(a) governs situations in which the trial court imposes a jail term along with one or more

community-control sanctions, whereas R.C. 2929.25(A)(1)(b) governs situations in which the court suspends all or part of a jail term it has imposed and then places the offender on community control. *Id*. Here, the trial court did not impose a community-control sanction at all.

{¶ 14} Instead, the court imposed definite jail terms for both misdemeanor offenses under R.C. 2929.24 (A)(1)-(2), which states in relevant part:

> Except as provided in section 2929.22 or 2929.23 of the Revised Code or division (E) of this section and unless another term is required or authorized pursuant to law, if the sentencing court imposing a sentence upon an offender for a misdemeanor elects or is required to impose a jail term on the offender pursuant to this chapter, the court shall impose a definite jail term that shall be one of the following:
>
> (1) For a misdemeanor of the first degree, not more than one hundred eighty days;
>
> (2) For a misdemeanor of the second degree, not more than ninety days.

{¶ 15} The court elected to sentence Willis to a 90-day jail term for the second-degree misdemeanor and a 180-day jail term for the first-degree misdemeanor. Because the trial court did not impose community-control sanctions at all, its authority to suspend those jail terms cannot be grounded in R.C. 2929.25, which permits suspension only when coupled with community control.

{¶ 16} R.C. 2929.25(A)(1) limits suspension authority, and that authority applies only in the community-control framework described in R.C. 2929.25(A)(1)(a)-(b). Because the trial court imposed no community control, R.C. 2929.25 does not authorize suspending the definite jail terms imposed here. *Polus* reiterates that, subject only to R.C. 2929.41(B)(3), a trial court "must impose

concurrent sentences for felony and misdemeanor convictions," which means that when a court elects to impose a misdemeanor jail term in a mixed felony-misdemeanor case, the law requires that term to be served concurrently with the felony prison term. *See State v. Polus*, 2016-Ohio-655, ¶ 10. R.C. 2929.25 permits suspension of a misdemeanor jail term only when the court is imposing community-control sanctions under R.C. 2929.26, 2929.27, or 2929.28; it does not authorize holding a definite jail term in reserve where concurrent service is mandated by R.C. 2929.41(A). *See Bukovec*, 2023-Ohio-2774, at ¶ 10 (8th Dist.); *Muscatello*, 2024-Ohio-4905, at ¶ 15 (8th Dist.). Further, imposed-but-suspended terms are treated as part of the operative sentence and are immediately reviewable, reinforcing that the suspended structure here is a present sentencing error, not a speculative future concern. *See State v. Johnson*, 2005-Ohio-319, ¶ 8; *State v. Baker*, 2002-Ohio-7295, ¶ 20. And ripeness turns on whether the challenged legal consequence is contingent or presently binding; because the suspended jail terms already depart from the concurrent-service requirement in R.C. 2929.41(A), Willis's challenge is ripe. *See State v. Shahin*, 2024-Ohio-456, ¶ 11.

{¶ 17} In contrast, R.C. 2929.24 specifically authorizes definite jail terms for misdemeanor convictions in Ohio, and R.C. 2929.41(A) sets the governing rules for how those jail terms must operate when they are imposed together with felony prison terms.

{¶ 18} On this record, the suspended jail term is contrary to law. Imposition of suspended misdemeanor jail sentences is not authorized by R.C. 2929.24 when

the conditions for suspension under R.C. 2929.25 are not met. The trial court did not impose community-control sanctions at all. Moreover, R.C. 2929.41(A) mandates that the misdemeanor jail terms be served concurrently with the felony prison terms, absent a statutory exception under R.C. 2929.41(B)(3). Suspending the jail terms prevents them from operating concurrently with the felony prison term as required by R.C. 2929.41(A) and explained in *Polus*.

### C. Ripeness and the State's Remand Request

{¶ 19} The State argues Willis's challenge is not ripe, relying on *State v. Owsley*, 2021-Ohio-4561, ¶ 6 (3d Dist.). A claim is not ripe if execution is dependent on contingencies that might never occur. *State v. Shahin*, 2024-Ohio-456, ¶ 11 (8th Dist.). Ohio appellate courts routinely treat imposed-but-suspended sentences as immediately appealable. *See State v. Johnson*, 2005-Ohio-319, ¶ 8 (6th Dist.), citing *State v. Baker*, 2002-Ohio-7295, ¶ 20 (7th Dist.). Willis's case is distinguishable from *Owsley* because Willis presents a justiciable issue. Because the court suspended the misdemeanor jail terms rather than allowing them to run concurrently with the felony prison term, Willis is not receiving the concurrency and resulting jail-time credit required by R.C. 2929.41(A).

{¶ 20} By contrast, in *Owsley*, there was a genuinely contingent future condition: a potential prison sentence, which was not yet imposed, but could be imposed if community-control conditions were violated. Here, the suspended sentence is allegedly illegal on its face at entry and does not depend on future conditions, which makes it immediately reviewable. Therefore, we determine that

Willis's challenge to the suspended jail terms is ripe and substantively different from *Owsley*.

{¶ 21} Moreover, the suspended misdemeanor jail terms are part of the final sentencing judgment, so the legality of that structure is reviewable now under Ohio Const., art. IV, § 3(B)(2) and R.C. 2953.08.

{¶ 22} Accordingly, the assignment of error is ripe for review

{¶ 23} Finally, the State asks us to remand so the trial court may impose community-control sanctions or otherwise change the misdemeanor disposition. Willis responds that the State cannot seek a change to the judgment without filing a cross-appeal. Because the State did not file a cross-appeal under App.R. 3(C), we lack jurisdiction to grant the State affirmative relief altering the misdemeanor disposition beyond the relief necessary to correct the sentencing error. *See State v. McCollins*, 2023-Ohio-3248, ¶ 15 (8th Dist.).

## IV. Disposition

{¶ 24} We sustain the assignment of error. Pursuant to R.C. 2953.08(G)(2)(b), we reverse the portion of the sentencing entry imposing suspended misdemeanor jail terms on Counts 6 and 7. On remand, the trial court shall resentence Willis on those counts by ordering the misdemeanor jail terms to be served concurrently with his felony prison terms in accordance with R.C. 2929.41(A) and shall award Willis all appropriate jail-time credit on the misdemeanor sentences consistent with this opinion.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHAEL JOHN RYAN, P.J., and
EILEEN A. GALLAGHER, J., CONCUR